# +UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALICIA KAY ESTABROOK, | Case No. 19-cv-2845 (SRN/ECW) |
| Petitioner, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| WARDEN NANETTE BARNES, | |
| Respondent. | |

This action comes before the Court on Petitioner Alicia Kay Estabrook's (1) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1 ("Petition")); (2) note to the Clerk of Court (Dkt. 2 ("First IFP Application")); and (3) Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 5 ("Second IFP Application")).[1]  For the following reasons, the Court recommends that the Petition be dismissed without prejudice, for lack of jurisdiction, as to its Grounds One, Two, and Four.  The Court orders Respondent to provide an answer detailing her views about whether this Court has jurisdiction to address Ground Three and her views about Ground

---

[1]  On November 27, 2019, Estabrook filed a second copy of the Petition.  (*See* Dkt. 4 ("Duplicate Petition").)  The only difference between the Petition and the Duplicate Petition is that in the latter, Estabrook filled in the pleading's caption, naming herself as the petitioner and Warden Nanette Barnes as the respondent.  (*Compare* Dkt. 1, *with* Dkt. 4.)  Because the two petitions are substantively identical, the Court will refer herein to the original Petition and otherwise disregard the second filing.

Three's merits. The Court also grants the Second IFP Application, and denies the First IFP Application as moot.

## I.  BACKGROUND

### A.  Prior Procedural History

In December 2010, a grand jury in the U.S. District Court for the District of North Dakota ("the District Court") indicted Estabrook on one count of being a felon in possession of a firearm. *See* Indictment at 1-2, Dkt. 2, *United States v. Estabrook*, No. 10-CR-0109 (DLH) (D.N.D. Dec. 9, 2010). In January 2011, a superseding indictment added a count of being a felon in possession of ammunition. *See* Superseding Indictment, Dkt. 23, *United States v. Estabrook*, No. 10-CR-0109 (DLH) (D.N.D. Jan. 12, 2011).

In March 2011, Estabrook entered into a plea agreement. *See* Plea Agreement at 1, 7, Dkt. 29, *United States v. Estabrook*, No. 10-CR-0109 (DLH) (D.N.D. Mar. 10, 2011). Estabrook agreed to plead guilty to the firearm-possession count, and the Government agreed to recommend at sentencing that the Court dismiss the ammunition-possession count. *See id.* at 1, 7. Estabrook further agreed that she had at least three prior convictions for "violent felonies or serious drug offenses" for purposes of the sentence-enhancement provisions of 18 U.S.C. § 924(e). *See id.* at 2. Under § 924(e)(1), if a defendant guilty of being a felon in possession of a firearm has three or more such prior convictions, the defendant "shall be . . . imprisoned not less than fifteen years."

In September 2011, the District Court sentenced Estabrook to 180 months (i.e., 15 years) imprisonment and 36 months of supervised release. *See* Am. J. in a Criminal Case 2-3, Dkt. No. 51, *United States v. Estabrook*, No. 10-CR-0109 (DLH) (D.N.D. Mar. Sept.

29, 2011). This sentence addressed only the firearms-possession count, as the District Court (following a Government motion) dismissed the ammunition-possession count. *See id.* at 1.

In May 2012, Estabrook filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate her sentence. *See* Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, Dkt. 52, *United States v. Estabrook*, No. 10-CR-0109 (DLH) (D.N.D. May 7, 2012). The District Court denied that motion in an order dated October 17, 2012. *See* Order Denying Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 at 1, 12, Dkt. 60, *United States v. Estabrook*, No. 10-CR-0109 (DLH) (D.N.D. Oct. 17, 2012).[2]

In June 2016, Estabrook filed with the District Court a document titled "Motion for Sentence Reduction." *See* Mot. for Sentence Reduction at 1, Dkt. 72, *United States v. Estabrook*, No. 10-CR-0109 (DLH) (D.N.D. June 27, 2016). The District Court treated the filing as a § 2255 motion, and given Estabrook's earlier such motion, the District Court held that the June 2016 filing was a "second or successive" § 2255 motion. *See* Order at 2, Dkt. 74, *United States v. Estabrook*, No. 10-CR-0109 (DLH) (D.N.D. July 18, 2016) (July 2018 Order). Under § 2255(h), a petitioner may file a second or successive § 2255 motion in district court only if the relevant court of appeals has certified that the motion contains specific sorts of arguments. *See id.* (citing *United States v Lambros*, 404

---

[2] Estabrook moved for reconsideration of that order, but the District Court denied that motion. *See* Mot., Dkt. No. 62, *United States v. Estabrook*, No. 10-CR-0109 (DLH) (D.N.D. May 6, 2013); Order Denying Cert. of Appealability, Dkt. No. 63, *United States v. Estabrook*, No. 10-CR-0109 (DLH) (D.N.D. May 14, 2013).

3

F.3d 1034, 1036-37 (8th Cir. 2005)); *see also United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir.) (applying same rule), *cert. denied*, 140 S. Ct. 338 (2019). Estabrook had not sought this certification, so the Court held that dismissing the June 2016 filing was appropriate. *See* July 2018 Order at 2.[3]

**B.    Petition**

Estabrook filed the present Petition on November 4, 2019. (*See* Dkt. 1 at 2.) In its section titled "Request for Relief," the Petition states that Estabrook wants to be resentenced or have this Court modify her sentence. (*See id.* at 8.)

Estabrook seeks to raise four grounds for relief. (*See id.* at 7-8.) The relief-grounds discussion is terse, so the Court construes the Petition liberally in the following description of the grounds. *See, e.g.*, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

- Ground One reads (in its entirety) "my charge poss. of a firearm by felon ACCA enhancement." (Dkt. 1 at 7 (errors in original).) The Court construes this as an argument that the District Court, in sentencing Estabrook, should not have applied the 15-year minimum sentence provided by 18 U.S.C. § 924(e)(1).

- Ground Two asserts that Estabrook received ineffective assistance of counsel. (*See id.*) Specifically, she claims that her earlier lawyers "didn't argue prior predicates or seek lower sentence or plea." (*Id.* (errors in original).) This is unclear, but the Court interprets Estabrook as arguing that her trial lawyers should have argued that, for § 924(e)(1) purposes, her prior convictions did not actually include at least three "violent felonies or serious drug offenses."

- Ground Three reads "FSA fair Sentencing Act 2018." (*Id.*) Asked to provide this ground's supporting facts, Estabrook states merely,

---

[3] The Court also indicated that, "even if Estabrook's motion was not successive," the motion would fail on the merits. July 2018 Order at 3.

4

"924c—double stacking, 3582b, 2k2, ACCA." (*Id.*) This is confusing. The Court's best guess is that Estabrook is pointing here to Section 403 of the First Step Act of 2018, asserting that under its amendments to 18 U.S.C. § 924(c)(1)(C), her 2011 sentence is no longer appropriate. *Cf.* First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22 (codified at 18 U.S.C. § 924(c)(1)(C)).

- Ground Four contends that certain of Estabrook's prior convictions (specifically, convictions for burglary and for delivery of controlled substances) "should not have been used as prior predicates for the ACCA." (*Id.* at 7.) The Court construes Estabrook as arguing here that some of the prior convictions deemed "violent felonies or serious drug offenses" during her sentencing in fact did not qualify as such.

## II.   ANALYSIS

Estabrook purports to bring the Petition under 28 U.S.C. § 2241. (*Id.* at 2.) But the Petition's clear goal is to collaterally challenge Estabrook's sentence. (*See, e.g.*, *id.* at 8 (presenting request for relief asking for "re-sentencing" or a sentence modification to "time served").) This raises the question of whether—and to what extent—§ 2241 is the proper vehicle for Estabrook's challenge.

As a starting point, case law is clear that if a petitioner seeks to challenge her federal court conviction or sentence, she generally must bring a motion under 28 U.S.C. § 2255 in the district of her sentencing. *See, e.g.*, *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004)); *Sorensen v. Barnes*, No. 19-CV-2268 (JRT/ECW), 2019 WL 7650424, at *1 (D. Minn. Sept. 23, 2019) (quoting *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003)), *report and recommendation adopted*, 2020 WL 375885 (D. Minn. Jan. 23, 2020). Motions under § 2241, by contrast, are generally used to challenge a sentence's execution, not its

5

imposition, and are filed in one's district of incarceration. *See, e.g.*, *Deroo v. United States*, 709 F.3d 1242, 1245 (8th Cir. 2013) (citing *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002)); *United States v. Debruzzi*, No. 17-CR-0160 (DWF/KMM), 2019 WL 5422860, at *4 n.4 (D. Minn. Oct. 23, 2019) (citing authorities). Under these general rules, the proper vehicle for Estabrook's sentencing challenge would be a § 2255 motion in the U.S. District Court for the District of North Dakota, not a § 2241 motion in the District of Minnesota.

These general rules have an important exception: a petitioner can use a § 2241 petition to bring a conviction or sentencing challenge if the § 2255 remedy "is inadequate or ineffective to test the legality of [her] detention." 28 U.S.C. § 2255(e). Courts commonly refer to this provision of § 2255(e) as the "savings clause." *See, e.g.*, *Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019) (using term). A § 2241 petitioner has the burden of showing that the savings clause applies. *See, e.g.*, *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959); *Neal v. Barnes*, No. 18-CV-3022 (PJS/SER), 2019 WL 1086410, at *2 (D. Minn. Feb. 12, 2019) (same), *report and recommendation adopted*, 2019 WL 1084240 (D. Minn. Mar. 7, 2019).

In this case, the Petition does not invoke the savings clause. (*See generally* Dkt. 1.) But given its duty to interpret *pro se* filings liberally, *see Topchian*, 760 F.3d at 849, the Court construes Estabrook as attempting to invoke the savings clause so that she can raised her sentencing challenge in a § 2241 motion before this Court. The Court must therefore determine whether the savings clause applies to the Petition's various grounds. To the extent it does apply, this Court has jurisdiction over the Petition and may consider

6

it. To the extent the savings clause does not apply, however, this Court lacks jurisdiction over the Petition and cannot address its merits. *See Lee*, 943 F.3d at 1147 (citing authorities); *Sorensen*, 2019 WL 7650424, at *1 (same).

Neither the U.S. Supreme Court nor the U.S. Court of Appeals for the Eighth Circuit has specified the exact contours of the savings clause's "inadequate or ineffective" language. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Sorensen*, 2019 WL 7650424, at *1. After reviewing the Petition, the Court concludes that the savings clause does not apply to Grounds One, Two, or Four, but the Court would benefit from briefing as to Ground Three. As a result, as discussed more below, the Court recommends dismissing the Petition without prejudice with respect to Grounds One, Two, and Four, and orders Respondent to provide its view as to whether this Court has jurisdiction over Ground Three.

**A.     Grounds One, Two, and Four**

For Grounds One, Two, and Four, the Court concludes that the § 2255 remedy is not "inadequate or ineffective." To be clear, however, Estabrook almost certainly cannot *successfully* bring a § 2255 motion based on those grounds. Explaining why this is so, and why it does not make the § 2255 remedy "inadequate or ineffective," will help this Court explain its views about Ground Three.

Fundamentally, the reason why a sentencing court § 2255 motion based on Grounds One, Two, and Four is likely to be unsuccessful is the certification requirement

of § 2255(h). Section 2255(h) requires that for "second or successive" § 2255 motions, a relevant court of appeals—here the Eighth Circuit—must certify that the motion contains one of two sorts of arguments:

> A second or successive motion must be certified as provided in [28 U.S.C. § 2244] by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

As § 2255(h) makes clear, this certification requirement applies to motions to the extent that they are "second or successive." This raises the question of whether Grounds One, Two, and Four qualify as grounds that are "second or successive."

The term "second or successive" appears in § 2255(h)—and in § 2244(b)—but the U.S. Code does not define the term in either location. *See generally* 18 U.S.C. §§ 2241-55 (presenting no definition); *cf.* Brian R. Means, Federal Habeas Manual § 11:1, at 1438 (2019 ed.) (noting lack of statutory definition); 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice & Procedure § 28.3[b][ii], at 1686 n.32 (7th ed. 2018) (same). Courts have treated it, however, as "a habeas 'term of art' that 'incorporates the

pre-AEDPA[4] abuse-of-the-writ doctrine.'"  Means, Federal Habeas Manual § 11:39, at 1504 (quoting *Magwood v. Patterson*, 561 U.S. 320 (2010), and citing other authorities); *see also Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) ("[I]t is generally acknowledged that the interpretation of 'second or successive' involves the application of pre-AEDPA abuse-of-the-writ principles." (citing *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45 (1998)).

The abuse-of-the-writ doctrine "refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991).  As relevant here, in assessing that doctrine, the U.S. Supreme Court has stated that "a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."  *Id.* (citing cases); *see also Perkins v. Holder*, No. 13-CV-2874 (PAM/FLN), 2014 WL 755378, at *3 (D. Minn. Feb. 26, 2014) (applying abuse-of-the-writ doctrine to § 2241 petition brought by federal detainee), *aff'd*, No. 14-2953 (8th Cir. Dec. 9, 2014).

Applying these principles here, it is plain that Estabrook could have raised Grounds One, Two, and Four in her first § 2255 motion filed in May 2012.  Given this, the Court has little difficulty concluding that, to the extent the Petition seeks to raise Grounds One, Two, and Four, it constitutes an abuse of the writ.  And because the

---

[4]   AEDPA here refers to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 94-12, 110 Stat. 1214 (codified as amended in scattered sections of 8, 15, 18, 19, 21, 22, 28, 42, 49, and 50 U.S.C.).

9

definition of "second or successive" incorporates abuse-of-the-writ principles, the Court further concludes that the Petition—as to Grounds One, Two, and Four—is indeed "second or successive."

Given the restrictions in § 2255(h), the conclusion that Grounds One, Two, and Four are "second or successive" essentially dooms them. Because a § 2255 motion before the sentencing court would be "second or successive" with respect to Grounds One, Two, and Four, Estabrook could only bring a motion based on those claims if she received the § 2255(h) certification. And there is no reason to believe she could: Grounds One, Two, and Four have nothing to do with "newly discovered evidence" or any "new rule of constitutional law." As a result, if Estabrook tries to bring Grounds One, Two, and Four in a motion before the sentencing court, it will almost certainly be unsuccessful.

To be clear, that merits question is distinct from the question of this Court's jurisdiction; this Court's specific concern is simply whether the problem that Estabrook would have in securing the § 2255 remedy makes that remedy "inadequate or ineffective." Caselaw here is clear: it does not. *See Hill*, 349 F.3d at 1091 (noting that Eighth Circuit has held that § 2255 remedy is not inadequate or ineffective where petitioner is denied permission to file second or successive § 2255 motion); *Malone v. Warden FCI Sandstone*, No. 19-CV-0282 (SRN/BRT), 2019 WL 2029557, at *2 (D. Minn. Feb. 27, 2019) ("The authorization requirement [of § 2255(h)], in and of itself, does not render § 2255 inadequate or ineffective . . . ."), *report and recommendation adopted*, 2019 WL 1466047 (D. Minn. Apr. 3, 2019).

Because the § 2255 remedy is not "inadequate or ineffective" with respect to Grounds One, Two, and Four of the Petition, the savings clause of § 2255(e) does not apply to those arguments. This means that this Court lacks jurisdiction over those arguments. The Court therefore recommends dismissing the Petition—as to Grounds One, Two, and Four—without prejudice for lack of jurisdiction.

**B.     Ground Three**

For at least two reasons, the Court would benefit from briefing as to its jurisdiction over the Petition's Ground Three.[5]

First, it is unclear to the Court whether a § 2255 motion based on Ground Three and filed in Estabrook's sentencing court would be "second or successive." Ground Three concerns a 2018 statute that plainly did not exist at Estabrook's sentencing. Estabrook's original § 2255 motion thus could not have raised Ground Three. This suggests that raising a Ground Three-based § 2255 motion would not be an abuse of the writ, and so not "second or successive." If this is correct, then § 2255(h)'s certification requirement would not apply to that § 2255 motion at all, and Estabrook could bring it in the sentencing court. This would mean that the § 2255 remedy is not "inadequate or ineffective," which would mean in turn that the § 2255(e) savings clause would not apply. The upshot would be that this Court lacks jurisdiction over Ground Three, such that this Court should dismiss that portion of the Petition without prejudice as well.

---

[5]   As part of this matter is proceeding to briefing, as discussed below, the Court has considered the IFP Applications. Following that review, the Court grants the Second IFP Application and denies the First IFP Application as moot.

Furthermore, if a Ground Three-based § 2255 motion is deemed "second or consecutive," there is an additional complication. Such a motion would face § 2255(h)'s certification requirement. In that situation, it is unclear whether Ground Three fits into the § 2255(h) categories; it does not depend on "newly discovered evidence" or any "new rule of constitutional law." This suggests that Estabrook's argument—one she could not plausibly have raised before—would not pass the § 2255(h) requirement. It is unclear at this point whether this possibility makes the § 2255 remedy "inadequate or ineffective." If it does, the savings clause would apply, and this Court would have jurisdiction over the Ground Three argument.[6]

Given these issues, the Court orders Respondent to provide her views of the Petition's Ground Three. Respondent is directed to file an answer to the Petition (within 30 days of this Order and Report and Recommendation's date) providing its views on (1) whether this Court has jurisdiction to address Ground Three, and (2) Ground Three's merits. Once the Court has the benefit of Respondent's answer, and any reply by Estabrook, the Court will issue a recommendation concerning Ground Three.

---

[6] To be clear, the Court questions whether Ground Three can succeed on the merits. The amendment to 18 U.S.C. § 924(c)(1)(C) that Estabrook appeals to was not made retroactive. *See* First Step Act § 403(b), 132 Stat. at 5222. Furthermore, it is also unclear whether Estabrook was ever subject to the sentencing issue that the § 924(c)(1)(C) amendment was meant to fix. For both of these reasons, Estabrook might well be unable to get habeas relief even if this Court has jurisdiction to address Ground Three. Nevertheless, the Court must address the jurisdictional question first.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED** that:

1. Respondent is directed to file—within 30 days of this Order and Report and Recommendation's date—an answer concerning Ground Three of Petitioner Alicia Kay Estabrook's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1). The answer should include (1) a reasoned memorandum of law and fact fully stating Respondent's legal position as to whether this Court has jurisdiction to address Ground Three and her legal position as to Ground Three's merits, and (2) such affidavits and exhibits as are necessary to support the positions taken in the memorandum.

2. If Estabrook intends to file a reply to Respondent's answer, she must do so within 30 days of the date when the answer is filed. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

3. Estabrook's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 5) is **GRANTED**.

4. The *in forma pauperis* application presented in Estabrook's note to the Court (Dkt. 2) is **DENIED** as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Alicia Kay Estabrook's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction as to Grounds One, Two, and Four.

Dated: March 17, 2020           *s/Elizabeth Cowan Wright*
                                ELIZABETH COWAN WRIGHT
                                United States Magistrate Judge

**NOTICE**

Filing Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).