UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alicia Kay Estabrook,<br><br>Plaintiff,<br><br>v.<br><br>Warden Nanette Barnes,<br><br>Defendant. | Case No. 19-cv-2845 (SRN/ECW)<br><br>**ORDER** |

Alicia Kay Estabrook, Reg. No. 10839-059, Federal Corrections Institution – Waseca, P.O. Box 1731, Waseca, MN, 56093, Pro Se.

Ana H. Voss, Ann M. Bildtsen, and Allison Kim Ethen, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN, 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Alicia Kay Estabrook's Objections ("Objections" [Doc. No. 8]) to Magistrate Judge Elizabeth Cowan Right's Report and Recommendation ("R&R") [Doc. No. 7], dated March 27, 2020. In the R&R, the magistrate judge recommends that Grounds One, Two, and Four of Estabrook's Amended Petition for a Writ of Habeas Corpus ("Am. Petition") (Doc. No. 4) be dismissed for lack of jurisdiction. In that same order, Magistrate Judge Wright declined to rule on Ground Three of Estabrook's Amended Petition, and requested further briefing from both parties. (R&R at 11–12.) Subsequently, Defendant Barnes filed a Motion to Dismiss Ground Three of Estabrook's Amended Petition for lack of jurisdiction. (*See* Def.'s Mot. to Dismiss [Doc. No. 10].) Estabrook failed to respond.

1

The Court has reviewed the R&R, the record, and the subsequent motion filed by Defendant Barnes. For the foregoing reasons, the Court overrules Estabrook's Objections to the R&R, affirms and adopts Magistrate Judge Wright's R&R as set forth below, grants Defendant's Motion to Dismiss Ground Three for lack of jurisdiction, and dismisses Estabrook's Amended Petition in its entirety for lack of jurisdiction.

I.   BACKGROUND

Neither party disputes the facts or procedural history set forth by Magistrate Judge Wright in the R&R. Accordingly, the Court briefly recounts only the relevant background.

A.   **Estabrook's Conviction and Prior Post-Conviction Motions**

In December 2010, Estabrook was indicted on one count of being a felon in possession of a firearm. *See* Indictment at 1–2, *United States v. Estabrook*, No. 10-cr-0109 (DLH) [Doc. No. 2] (D.N.D. Dec. 9, 2010). The indictment was later superseded to add one count of being a felon in possession of ammunition. *See* Superseding Indictment, *Estabrook*, No. 10-cr-0109 (Doc. No. 23) (D.N.D. Jan. 12, 2011).

In March 2011, Estabrook entered into a plea agreement, under which she pleaded guilty to being a felon in possession of a firearm. The Government agreed to recommend at sentencing that the Court dismiss the felon in possession of ammunition count. *See* Plea Agreement at 1, 7, *Estabrook*, No. 10-cr-0109 [Doc. No. 29] (D.N.D. Mar. 10, 2011). Under the Plea Agreement, Estabrook also agreed that she had at least three prior qualifying convictions that were "violent felonies or serious drug offenses" for purposes of the sentence-enhancement provisions of 18 U.S.C. § 924(e) (2018). *See id.* at 2.

In September 2011, the United States District Court for the District of North Dakota sentenced Estabrook to 180 months imprisonment on the felon in possession of firearms count and dismissed the felon in possession of ammunition count. *See* Am. J. in a Criminal Case at 1–3, *Estabrook*, No. 10-cr-0109 [Doc. No. 51] (D.N.D. Mar. Sept. 29, 2011). Estabrook is currently incarcerated at FCI Waseca in Minnesota. (Am. Petition at 2.)

In May 2012, Estabrook filed a motion seeking to vacate her sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of North Dakota. *See* Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, *Estabrook*, No. 10-cr-0109 [Doc. No. 52] (D.N.D. May 7, 2012). The Court denied that motion. *See Estabrook v. United States*, Nos. 4:12-cv-050, 4:10-cr-109, 2012 WL 4981147, at *1, 6 (D.N.D. Oct. 17, 2012). Estabrook's subsequent motion for reconsideration was also denied. *See* Mot. for Reconsideration, *Estabrook*, No. 10-cr-0109 [Doc. No. 62] (D.N.D. May 6, 2013); Order Denying Cert. of Appealability, *Estabrook*, No. 10-cr-0109 [Doc. No. 63] (D.N.D. May 14, 2013).

In June 2016, Estabrook filed a "Motion for Sentence Reduction" in the United States District Court for the District of North Dakota. *See* Mot. for Sentence Reduction at 1, *Estabrook*, No. 10-cr-0109 [Doc. No. 72] (D.N.D. June 27, 2016). The Court interpreted that motion as a second § 2255 motion and denied it as "second or successive." *See* Order at 2, *Estabrook*, No. 10-cr-0109 [Doc. No. 74] (D.N.D. July 18, 2016) (citing 28 U.S.C. § 2255(h) (2018)). The Court also ruled that, even if Estabrook's motion had not been denied as successive, it would have failed on the merits. *Id.* at 3.

### B. Proceedings Before This Court

On November 4, 2019, Estabrook filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court (*see* Petition for Writ of Habeas Corpus [Doc. No. 1]), which she subsequently amended on November 27, 2019. [Doc. No. 4]  In her Amended Petition, Estabrook seeks either resentencing or a modification of her sentence based on four grounds. (*Id.* at 7–8.)  The first ground reads, in its entirety, "my charge poss. of a firearm by felon ACCA enhancement."  (*Id.* at 7).  The second ground asserts that Estabrook received ineffective assistance of counsel based on her attorney's purported failure to "argue prior predicates or seek lower sentence or plea (sic)."  (*Id.*)  The third ground states, "FSA fair Sentencing Act 2018," and further cites "924(c) – double stacking, 3582b, 2k2, ACCA" in support. (*Id.*)  Finally, the fourth ground reads "my actual conduct & violent offenses" and then explains that "my burglary & deliveries of con. substances should not have been used as prior predicates for the ACCA."  (*Id.* at 8.)

On March 17, 2020, Magistrate Judge Wright issued her R&R, recommending that Grounds One, Two and Four be dismissed without prejudice for lack of jurisdiction, and sought additional briefing from the Government on Ground Three. (*See* R&R at 7–13.)  She interpreted each of the Amended Petition's four grounds as a challenge to Estabrook's sentence or underlying conviction. (*See* R&R at 5.)  As such, Magistrate Judge Wright noted that Estabrook's Amended Petition would be properly brought pursuant to § 2255 in the United States District Court for the District of North Dakota and could only be sustained under § 2241 if the § 2255 remedy was "inadequate or ineffective to test the legality of [a prisoner's] detention." (*Id.* at 5–6 (citing § 28 U.S.C. 2255(e) (2018)).)

Magistrate Judge Wright found that a remedy under § 2255 was not inadequate or ineffective as to Grounds One, Two, and Four because, broadly speaking, all those arguments were available to Estabrook at the time of her earlier § 2255 motion. (*Id.* at 9.) Accordingly, any attempt to bring them before the sentencing court would render Estabrook's Amended Petition a "second or successive" petition under 18 U.S.C. § 2255(h), and could only be heard if the Eighth Circuit certified that Estabrook's motion contains either: (1) newly discovered evidence establishing by " 'clear and convincing evidence' " that no reasonable factfinder would have found her guilty; or (2) a " 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' " (*Id.* at 8–10 (quoting 18 U.S.C. § 2255(h)). In light of the fact that Estabrook makes no such argument as to Grounds One, Two, and Four, those Grounds would likely not afford Estabrook relief. (*Id.* at 9–10.) And, Magistrate Judge Wright noted, denial of relief under § 2255 does not render the § 2255 remedy ineffective or inadequate where the denial is based on the absence of permission to file a second or successive petition. (*Id.* at 10 (citing *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (noting that § 2255 relief is not inadequate or ineffective merely because permission to file a second or successive § 2255 petition has been denied).)

On April 2, 2020, Estabrook filed a document entitled "Reply in Support of Order and Report and Recommendation," which was docketed as Objections to the R&R. (*See* Objections at 1.) The Court notes that Estabrook's Objections largely appear to respond to Magistrate Judge Wright's discussion of Ground Three, and do not clearly assert any error with respect to Magistrate Judge Wright's recommendations as to Grounds One, Two, and

Four. (*Id.*) Nevertheless, Estabrook continues to argue the merits of her Amended Petition in its entirety, maintaining that she should not have been subject to a sentence enhancement pursuant to 18 U.S.C. § 924(e). (*See* Objections at ¶¶ 2–4.) And, with respect to Ground Three, she maintains that the First Step Act provides this Court with the jurisdiction necessary to modify her sentence. (*Id.* at ¶ 5.)

On April 7, 2020, Defendant Barnes filed a Motion to Dismiss, arguing that any effort by Estabrook to seek a sentence modification under the First Step Act (i.e., Ground Three of her Amended Petition) must be made before the sentencing court in North Dakota, not this Court. (*See* Def.'s Mot. to Dismiss at 4.) In the alternative, Defendant Barnes argues that Estabrook's Ground Three claims should be dismissed on the merits. (*Id.* at 5–6.) As of the date of this order, Estabrook has not replied to Defendant Barnes' motion.

## II.     DISCUSSION

Before proceeding with its legal analysis, the Court acknowledges that Estabrook's arguments—in both her Amended Petition and apparent Objections—are somewhat unclear. Accordingly, in her R&R, Magistrate Judge Wright liberally interpreted each ground for relief sought in the Amended Petition. (*See* R&R at 4 (citing *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (requiring courts to "liberally construe[]" *pro se* filings).) Because Magistrate Judge Wright's interpretations of Estabrook's Amended Petition are reasonable, and because Estabrook does not appear to challenge those interpretations, the Court adopts those interpretations here. As set forth by Magistrate Judge Wright, Grounds One, Two, and Four of Estabrook's Amended Petition ask the Court to modify or vacate her sentence due to alleged errors made in

6

determining applicable enhancements under the federal sentencing guidelines.  (*See* Am. Petition at 7–8; R&R at 4–5.)  Ground Three, on the other hand, relies on Section 403 of the First Step Act of 2018, and asserts that under its amendments to 18 U.S.C. § 924(c)(1)(C), her 2011 sentencing is no longer appropriate.  (R&R at 4–5.)

### A. Legal Standard

A petition for writ of habeas corpus under 28 U.S.C. § 2241 must be brought in the district of incarceration and is typically limited to challenging the execution of a criminal sentence, rather than its imposition.  *See Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir.2002) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he [or she] is incarcerated . . . .").  When a petitioner's intent is to challenge their conviction or their sentence, however, they "generally must do so in the sentencing court through [28 U.S.C.] § 2255 . . . ."  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citations omitted), *cert. denied*, 545 U.S. 1147 (2005).  Put differently, as a general matter, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could [have been] or was actually raised in the § 2255 motion filed in the sentencing district."  *Hill*, 349 F.3d at 1092.

This rule is subject to an important exception.  A petitioner can employ § 2241 as a means of challenging a conviction or sentence when § 2255 is "inadequate or ineffective to test the legality of his [or her] detention."  28 U.S.C. § 2255(e).  This provision is often referred to as the § 2255 "savings clause."  *See Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019).  A § 2241 petitioner has the burden of showing that the savings clause should

apply.  *Abdullah*, 392 F.3d at 959.  If a petitioner fails to do so, this Court lacks jurisdiction to consider the § 2241 petition.  *Lee,* 943 F.3d at 1147 (citing *Abdullah*, 392 F.3d at 959).

### B.     Grounds One, Two, and Four of Estabrook's Amended Petition

As discussed, while Estabrook's Amended Petition is brought pursuant to § 2241, Grounds One, Two and Four ultimately challenge her conviction or sentence.  Ground One specifically challenges Estabrook's sentence claiming that the sentencing court improperly imposed the Armed Career Criminal Act's 15-year mandatory minimum, set forth in 18 U.S.C. § 924(e)(1).  Similarly, Ground Four asserts that the sentencing court improperly construed several of Estabrook's prior convictions as qualifying offenses under the ACCA—violent felonies or serious drug offenses.  (*See* Am. Petition at 7–8; R&R at 4–5.) Ground Two asserts that Estabrook received ineffective assistance of counsel precisely because her lawyers failed to pursue a lesser sentence and argue that her prior offenses did not qualify as ACCA predicates.  (Am. Petition at 7; R&R at 4.)  Put simply, each ground directly targets Estabrook's sentence.  Estabrook herself summarized her entire Amended Petition as a request for a "hearing and or remanded & vacated for re-sentencing an or modify sentence to immediate release as time served (sic)" (Am. Petition at 8), and indicated that she was challenging the "validity of [her] conviction or sentence as imposed . . . ." (*Id.* at 3.)

As Magistrate Judge Wright noted, because Grounds One, Two, and Four are challenges to Estabrook's sentence or conviction, the Court lacks jurisdiction to consider them unless a § 2255 petition before the sentencing court would be "inadequate or ineffective to test the legality of [Estabrook's] detention." 28 U.S.C. § 2255(e).  Estabrook

8

makes no argument as to the inadequacy or ineffectiveness of § 2255 in her Amended Petition.[1]  Moreover, Grounds One, Two and Four plainly could be raised in a § 2255 proceeding—as an attack on Estabrook's sentence—before the sentencing court.  In fact, Grounds One, Two, and Four have already been advanced—in another forum—by Estabrook in a prior § 2255 proceeding.  *See Estabrook*, 2012 WL 4981147, at *2–5 (rejecting argument that Estabrook's counsel was ineffective by failing to oppose 15-year mandatory minimum sentence, or by failing to argue that her prior convictions did not qualify as predicates for sentencing purposes, and seek a more favorable plea agreement).

Moreover, it is true that any attempt by Estabrook to seek relief on Grounds One, Two, and Four under § 2255 would likely prove futile as an impermissible "second or successive" motion under 28 U.S.C. § 2255(h).  (*See* R&R at 7–10.)  That statute requires that a "second or successive motion" brought under § 2255 must be certified by "the appropriate court of appeals panel"—here, the Eighth Circuit—as containing either (1) newly discovered evidence; or (2) a new rule of constitutional law.  18 U.S.C. § 2255(h).  Estabrook makes no argument that there is newly discovered evidence or a new rule of constitutional law applicable to her case.  Thus, she fails to meet the conditions of such a certification.  And if Estabrook pursued Grounds One, Two, and Four in a § 2255 proceeding and the Eighth Circuit rejected the petition as an impermissible "second or

---

[1]  In fact, as Magistrate Judge Wright noted, Estabrook does not invoke the "savings clause" set forth in § 2255(e) at all.  (R&R at 6.)  However, like Magistrate Judge Wright, the Court liberally construes Estabrook's petition as an attempt to invoke § 2255(e).

9

successive" motion, it would not render a § 2255 proceeding "inadequate or ineffective" for purposes of the savings clause.  *See Hill*, 349 F.3d at 1091.

### C. Ground Three of Estabrook's Amended Petition

The Court now turns to Ground Three of Estabrook's Amended Petition which, in full, reads: "FSA fair Sentencing Act 2018."  (Am. Petition at 7.)  In support, Estabrook states "924c – double stacking, 3582b, 2k2, ACCA[.]"  (*Id.*)  As noted above, the Court adopts Magistrate Judge Wright's liberal interpretation of this ground as an argument that the amendments to 18 U.S.C. § 924(c)(1)(C), as set forth in the First Step Act of 2018, apply retroactively and render her 2011 sentence inappropriate.  (R&R at 5.)

Defendant Barnes seeks dismissal of this ground because this Court is not the court that imposed Estabrook's sentence, and accordingly the Court lacks jurisdiction over Estabrook's request for a First Step Act sentence modification.  (*See* Def.'s Mot. to Dismiss at 4.)  Estabrook did not respond to Defendant's motion to dismiss.  Moreover, in her Objections to Magistrate Judge Wright's R&R, Estabrook's only jurisdictional comment asserts, in its entirety, that "this court does have jurisdiction to address ground three per the first step act."  (Objections ¶ 5.)

After carefully reviewing Estabrook's Amended Petition and the relevant law, the Court finds that it lacks jurisdiction to consider Ground Three.  In 2018, Congress enacted the First Step Act, which made certain provisions of the Fair Sentencing Act of 2010 retroactive.  *See United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019); *see generally* First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194 (2018).  Relevant here, if a petitioner desires to utilize the First Step Act to seek a sentence reduction, Section

404(b) of the Act states that "[a] court that *imposed a sentence* for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."  First Step Act of 2018 § 404(b), 132 Stat. at 5222 (emphasis added).  Importantly, the Eighth Circuit has acknowledged that this provision refers to the court that imposed the sentence at issue.  *See United States v. Banks*, 960 F.3d 982, 984 (8th Cir. 2020) (noting that "a court *that imposed a sentence* for an offense . . . may impose a reduced sentence" (emphasis added)); *see also United States v. Moore*, 963 F.3d 725, 728 (8th Cir. 2020) (noting that the word "impose" in the phrase "[a] court that imposed a sentence" referred to the district court's "original, plenary sentencing").[2]

Here, while Estabrook is currently incarcerated in Minnesota, she is serving a sentence imposed by the United States District Court for the District of North Dakota.  *See* Am. J. in a Criminal Case at 1–3, *Estabrook*, No. 10-cr-0109 [Doc. No. 51] (D.N.D. Mar. Sept. 29, 2011).  As such, under the unequivocal language of Section 404(b), it is the District

---

[2]   Other courts have reached the same conclusion.  *See, e.g.*, *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020) (noting that under Section 404(b), "*sentencing courts* may 'imposed a reduced sentence' " (emphasis added)); *United States v. Foreman*, 958 F.3d 506, 509 (6th Cir. 2020) ("Under section 404(b) of the First Step Act, a defendant who committed a 'covered offense' may move *his sentencing court* to 'impose a reduced sentence . . . .' " (emphasis added)); *United States v. Rose*, 379 F. Supp. 3d 223, 234 (S.D.N.Y. 2019) ("The first part of § 404(b) is unequivocal that *any motion* for relief *must* be considered by the 'court that imposed a sentence for a covered offense' " (emphasis added)); *United States v. Dodd*, 372 F. Supp. 3d 795, 798 (S.D. Iowa 2019) (noting that the court was authorized to impose a new sentence under § 404 of the First Step Act because, among other things, it "remain[ed] the 'court that imposed a sentence for [the] covered offense' ").

of North Dakota, and not this court, that possesses jurisdiction to consider Ground Three of Estabrook's Amended Petition.  Accordingly, the Court dismisses Ground Three of Estabrook's Amended Petition without prejudice.[3]

## III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Alicia Kay Estabrook's Objections (Doc. No. 8) to Magistrate Judge Elizabeth Cowan Wright's Report and Recommendation, dated March 17, 2020 (Doc. No. 7) are **OVERRULED**;

2. Magistrate Judge Wright's March 17, 2020 Report and Recommendation (Doc. No. 7) is **AFFIRMED** and **ADOPTED** as set forth above;

3. Defendant Barnes' Motion to Dismiss Ground Three (Doc. No. 10) is **GRANTED**; and

4. Plaintiff's Amended Petition for a Writ of Habeas Corpus (Doc. No. 4) is **DISMISSED IN ITS ENTIRETY** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 31, 2020                                s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge

---

[3] In so ruling, the Court offers no opinion as to whether Ground Three satisfies the applicable procedural requirements for any such motion, or the underlying merits.